**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| ADMIRAL INSURANCE COMPANY | * | CIVIL ACTION NO.: |
|    Plaintiff | * | |
| | * | |
| VERSUS | * | JUDGE: |
| | * | |
| PATEL CONSTRUCTION, L.L.C., 609 | * | |
| JACKSON, L.L.C., SCOTTSDALE | * | MAG. JUDGE: |
| INSURANCE COMPANY, LINDA PAIGE | * | |
| AND KIPPY PAIGE SR. | * | |
|    Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Admiral Insurance Company ("Admiral"), and files this Complaint for Declaratory Judgment pursuant to both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202. Specifically, Admiral asks the Court for a judgment declaring whether Admiral owes defense or indemnity to any Defendant for the damages described herein. Admiral further asks the Court to order Defendants to reimburse Admiral for any costs incurred in defending Defendants against the claims described herein.

## I. THE PARTIES

1.

Plaintiff, Admiral Insurance Company, is an excess and surplus lines insurer and incorporated in the State of Delaware with its principal place of business in the State of Arizona and is therefore a citizen of the States of Delaware and Arizona pursuant to 28 U.S.C. § 1332(c)(1).

2.

Defendant, Patel Construction, L.L.C., is a limited liability company organized under the laws of the State of Louisiana and whose only agents, members, or managers are citizens of the

1

State of Louisiana.  Therefore, Patel Construction, L.L.C., is a citizen of the State of Louisiana pursuant to 28 U.S.C. § 1332(c)(2).

3.

Defendant, 609 Jackson, L.L.C., is a limited liability company organized under the laws of the State of Louisiana and whose only agents, members, or managers are citizens of the State of Louisiana.  Therefore, 609 Jackson, L.L.C., is a citizen of the State of Louisiana pursuant to 28 U.S.C. § 1332(c)(2).

4.

Defendant, Scottsdale Insurance Company, is a corporation organized under the laws of the State of Ohio with its principal place of business in the State of Ohio and is therefore a citizen of the State of Ohio pursuant to 28 U.S.C. § 1332(c)(1).

5.

Upon information and belief, Defendant, Linda Paige, is a person of the full age of majority and is domiciled in the State of Mississippi and is therefore a citizen of the State of Mississippi.

6.

Upon information and belief, Defendant, Kippy Paige, Sr., is a person of the full age of majority and is domiciled in the State of Mississippi and is therefore a citizen of the State of Mississippi.

## II. JUDISDICTION AND VENUE

7.

This Court has subject matter jurisdiction over the claims brought here as the complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied.  Plaintiff does not share citizenship with any Defendant in this case and the amount in controversy clearly exceeds $75,000.00.

2

8.

This Court has personal jurisdiction over Patel Construction, L.L.C., because it is a Louisiana citizen with its principal place of business in State of Louisiana.

9.

This Court has personal jurisdiction over 609 Jackson, L.L.C., because it is a Louisiana citizen with its principal place of business in State of Louisiana.

10.

This Court has personal jurisdiction over Scottsdale Insurance Company because it is a foreign corporation doing business in the State of Louisiana and this venue.

11.

This Court has personal jurisdiction over Linda Paige because, while she is a citizen of the State of Mississippi, she has availed herself of the jurisdiction of Louisiana by filing a lawsuit arising from the subject Incident as described below in the Parish of Orleans, State of Louisiana, and because the circumstances serving as the basis for said lawsuit occurred within this judicial district and division of this Honorable Court.

12.

This Court has personal jurisdiction over Kippy Paige, Sr., because, while he is a citizen of the State of Mississippi, he has availed himself of the jurisdiction of Louisiana by filing a lawsuit arising from the subject Incident as described below in the Parish of Orleans, State of Louisiana, and because the circumstances serving as the basis for said lawsuit occurred within this judicial district and division of this Honorable Court.

13.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

3

### III. NATURE OF ACTION

14.

This is a Complaint for Declaratory Judgment, brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 and 2202, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Admiral and the Defendants.

15.

A controversy of a judicial nature presently exists among the parties that demands a declaration by this Court in order that Admiral may have its rights and duties under the relevant contract of insurance determined and avoid the possible accrual of damages.

16.

Each Defendant named herein has been joined in compliance with case law requiring the insurer seeking a declaratory judgment to bring into the action all individuals or entities that have a financial or other interest in the outcome of the coverage issues to be decided through the declaratory judgment.

### IV. FACTUAL BACKGROUND

17.

On August 16, 2022, Patel Construction, L.L.C., entered into a contract with 609 Jackson, L.L.C., to act as the Construction Manager in the construction, building, and supervision of the construction of residential condominiums and apartments for the 609 Jackson Multifamily Project ("The Jackson") apartment complex located at or near 609 Jackson Avenue, New Orleans, Louisiana 70130. The contract called for construction of a complex with 205 residential apartments.

18.

Subsequently, Patel Construction, L.L.C., began construction of residential condominiums and apartments at The Jackson apartment complex.

19.

It is undisputed that The Jackson apartment complex is a residential apartment and condominium complex intended for short and/or long-term habitation by individuals, families, and/or groups of people and is not intended for commercial use.

20.

On March 27, 2025, Kimblery Paige was taking a tour of the condominiums under construction at The Jackson apartment complex with an unknown employee of 609 Jackson, L.L.C., when Ms. Paige slipped and fell (the "Incident"). Sadly, Ms. Paige passed away following complications of her injuries she allegedly sustained in the Incident.

21.

No member, employee, and/or agent of Patel Construction, L.L.C., was present at the time of the Incident.

**V. THE INSURANCE CONTACT**

22.

Admiral issued a Commercial General Liability Policy, for the policy period May 20, 2024, to May 10, 2025, to Patel Construction, L.L.C., bearing Policy No. CA000053075-01 (the "Admiral Policy").

5

23.

At the time of the subject Incident, the Admiral Policy listed Patel Construction, L.L.C., as the only Named Insured.[1]

24.

At all relevant times, Patel Construction, L.L.C., presented to Admiral that Patel Construction, L.L.C., was a general contractor engaging in "constructing new hotels and remodeling office buildings".[2]

25.

Defendant, 609 Jackson, L.L.C., is listed as an additional insured under the Admiral Policy. However, the Admiral Policy limits coverage as it relates to 609 Jackson, L.L.C., and expressly provides that coverage only applies to:

> All locations **except** locations where "your work" is or was related to a job or project involving single-family dwellings, multi-family dwellings, condominiums, townhomes, townhouses, time-share units, fractional-ownership units, cooperatives, apartments and/or any other structure or space used or intended to be used as a residence.[3]

(Emphasis added.)

26.

While it is true that 609 Jackson, L.L.C., was an additional insured under the Admiral Policy, the Admiral Policy explicitly excluded 609 Jackson, L.L.C., as an additional insured for any work "related to a job or project involving…condominiums…apartments and/or any other structure or space used or intended to be used as a residence" that 609 Jackson, L.L.C., was involved in, such as the construction of The Jackson apartment complex.[4]

---

[1] *See* Plaintiff's Exhibit #1: Certified Copy of Admiral Insurance Company Policy No. CA000053075-01, pg. 5.
[2] *Id.*
[3] *Id.*, at pg. 92.
[4] *Id.*

6

27.

Defendant, Scottsdale Insurance Company, is not a named insured or additional insured under the Admiral Policy but has tendered to Admiral demanding defense and indemnity relating to the Incident on behalf of 609 Jackson, L.L.C.

28.

Defendants, Linda Paige and Kippy Paige, Sr., are not named insureds or additional insureds under the Admiral Policy.

29.

The Admiral Policy contains a valid and enforceable Residential Construction Activities Exclusion (Absolute) endorsement.[5]

30.

In full, the Residential Construction Activities Exclusion (Absolute) endorsement provides:

**It is agreed this insurance does not apply to liability arising in whole or in part, either directly or indirectly, out of any past, present or future "residential construction activities" performed by or on behalf of any insured or others.**

**For the purposes of this endorsement, "residential construction activities" means any work or operations related to any job or project involving the construction, repair, remodeling, renovation, maintenance, change or modification of** single-family dwellings, multi-family dwellings, **condominiums,** townhomes, townhouses, time-share units, fractional ownership units, cooperatives, **apartments, and/or any other structure or space used or intended to be used as a residence**, whether full-time, part-time, live-work combination, vacation, or temporary residence, and regardless of the actual use or occupancy of any such structure or space, whether or not:

1. The job or project also includes structures, space, areas and/or units, designed, constructed, sold, leased, occupied or used for any commercial or non-residential purpose; or

---

[5] *See* Exhibit #1, at pg. 45.

7

2. The present or future ownership of any such structure or space by any person or organization is fee simple, joint tenancy, tenancy-in-common, tenancy-in-the-entirety, tenancy-in-partnership, community property, deeded time-share, non-deeded time-share, fractional interest, shareholder interest and/or any other form of common or fractional-interest ownership or management.

It is further agreed that for any claim made or "suit" brought which is excluded under the terms of this endorsement, we will have no obligation to defend, adjust or investigate or pay any cost for investigation, defense, adjustment or attorney fees arising out of or related to such claims.

All other terms and conditions remain unchanged.[6]

(Emphasis added.)

31.

Likewise, the Admiral Policy contains a valid and enforceable Condominium Conversion Exclusion endorsement.[7]

32.

In full, the Condominium Conversion Exclusion endorsement provides:

**This insurance does not apply to liability arising in whole or in part, either directly or indirectly, out of any past, present or future job or project performed by or on behalf of any insured or others involving the construction, repair, remodeling, renovation, maintenance, change or modification of any structure, if the structure is or has been converted, changed or modified at any time by or on behalf of any insured or others to condominiums**, townhomes, townhouses, time-share units, fractional-ownership units, or cooperatives.

It is further agreed that for any claim or "suit" brought which is excluded under the terms of this endorsement, we will have no obligation to defend, adjust or investigate or pay any cost for investigation, defense, adjustment or attorney fees arising out of or related to such claim or "suit".

All other terms and conditions remain unchanged.[8]

(Emphasis added.)

---

[6] *See* Exhibit #1, at pg. 45.
[7] *Id*., at pg. 73.
[8] *Id*.

## VI. RESERVATION OF RIGHTS

33.

After receiving notice of the subject Incident, Admiral issued letters to Patel Construction, L.L.C., wherein Admiral provided notice of its reservation of rights to disclaim any obligation under the Policy and to assert the defense of noncoverage.[9]

34.

Subject to the complete and total reservation of rights letters issued to Patel Construction, L.L.C., concerning both the Incident and resulting litigation, Admiral retained counsel to defend Patel Construction, L.L.C., in the underlying lawsuit.

35.

For the reasons set forth in the reservation of rights letter and herein, however, questions exist as to whether the Admiral Policy affords any coverage for the claims and damages arising from the Incident and whether Admiral has any duty to defend or indemnify any party in any lawsuit arising from the Incident.

## VII. DECLARATORY JUDGMENT

36.

Admiral is entitled to a declaratory judgment that it is not under a duty to defend or indemnify Patel Construction, L.L.C., or 609 Jackson, L.L.C., against any liability, judgment, or settlement arising and/or resulting from the Incident for the following reasons.

37.

Admiral repeats and realleges the foregoing paragraphs as if fully set forth herein.

---

[9] *See* Plaintiff's Exhibit #2: Admiral's October 13, 2025, and February 23, 2026, Reservation of Rights Letters to Patel Construction, L.L.C.

38.

Under the above plain and unambiguous policy exclusions, it is undisputed that there is no coverage under the Admiral Policy for any and all damages arising from the Incident as the Incident occurred while Patel Construction, L.L.C., was engaged in "residential construction activities" in its construction activities undertaken at The Jackson apartment complex, i.e., building apartments and condominiums, and, such "residential construction activities" are specifically excluded from coverage under the terms of the Admiral Policy, including the Residential Construction Activities Exclusion (Absolute) and the Condominium Conversion Exclusion cited above.

39.

Likewise, under the above plain and unambiguous policy language, 609 Jackson, L.L.C., is not and cannot be considered an additional insured under the Admiral Policy as it relates to The Jackson apartment complex because the construction work being performed at The Jackson apartment complex was in no uncertain terms a construction job involving the building of residential condominiums and apartments, which is specifically excluded from the type of commercial construction work for which 609 Jackson, L.L.C., could be considered an additional insured.

40.

In the unlikely event that 609 Jackson, L.L.C., could be considered an additional insured under the Admiral Policy, under the above plain and unambiguous policy exclusions, there is still no coverage provided under the Admiral Policy because 609 Jackson, L.L.C., was engaged in "residential construction activities" in its construction activities at The Jackson apartment complex, i.e., building apartments and condominiums, and, such "residential construction

10

activities" are specifically excluded from coverage under the terms of the Admiral Policy, including the Residential Construction Activities Exclusion (Absolute) and the Condominium Conversion Exclusion cited above.

41.

Pursuant to 28 U.S.C. §§ 2201 and 2202, Admiral is entitled to a declaration that the Admiral Policy does not afford coverage for any and all damages allegedly arising from the Incident under the valid and enforceable Residential Construction Activities Exclusion endorsement, the Condominium Conversion Exclusion endorsement, and the exclusion of 609 Jackson, L.L.C., as an additional insured under the Admiral Policy.

42.

Admiral is entitled to reimbursement from Defendants for any and all costs of defense paid by Admiral or that may be incurred by Admiral in the future, arising out of the defense of Defendants against non-covered claims.

<strong><u>VIII. PRAYER FOR RELIEF</u></strong>

**WHEREFORE,** Plaintiff, Admiral Insurance Company, prays that the Court issue a declaratory judgment establishing the following:

1. That the Admiral Insurance Company Commercial General Liability Policy issued to Patel Construction, L.L.C., contains the Residential Construction Activities Exclusion endorsement and the Condominium Conversion Exclusion endorsement;

2. That the Residential Construction Activities Exclusion endorsement and the Condominium Conversion Exclusion endorsement are valid and enforceable;

3. That the Admiral Insurance Company Commercial General Liability Policy issued to Patel Construction, L.L.C., is subject to the exclusions described herein;

11

4. That the construction work performed at The Jackson apartment complex located at or near 609 Jackson Avenue, New Orleans, Louisiana 70130 was a residential construction project and solely residential in nature;

5. That Patel Construction, L.L.C., was engaged in residential construction activities in its work at The Jackson apartment complex located at or near 609 Jackson Avenue, New Orleans, Louisiana 70130;

6. That 609 Jackson, L.L.C., was engaged in residential construction activities in its work at The Jackson apartment complex located at or near 609 Jackson Avenue, New Orleans, Louisiana 70130;

7. That Patel Construction, L.L.C., and 609 Jackson, L.L.C.'s construction activities at The Jackson apartment complex are excluded from coverage under Admiral Insurance Company Commercial General Liability Policy issued to Patel Construction, L.L.C., pursuant to the exclusions described herein;

8. That 609 Jackson, L.L.C., is not an additional insured under Admiral Insurance Company Commercial General Liability Policy issued to Patel Construction, L.L.C., as the work being performed at The Jackson apartment complex located at or near 609 Jackson Avenue, New Orleans, Louisiana 70130 was a project that involved the building of condominiums and apartments, which is excluded under the Admiral Policy;

9. That the Admiral Insurance Company Commercial General Liability Policy issued to Patel Construction, L.L.C., does not afford coverage for any of the damages allegedly arising from the Incident involving Kimblery Paige that occurred on March 27, 2025,

12

at The Jackson apartment complex located at or near 609 Jackson Avenue, New Orleans, Louisiana 70130;

10. That Plaintiff, Admiral Insurance Company, has no duty to defend any individual or entity against claims arising from damages allegedly resulting from the Incident involving Kimblery Paige that occurred on March 27, 2025, at The Jackson apartment complex located at or near 609 Jackson Avenue, New Orleans, Louisiana 70130;

11. That Judgment be entered in Plaintiff's favor and against all Defendants;

12. That this Honorable Court bind each and every named party herein by said Judgment;

13. That the Honorable Court award Plaintiff all costs, expenses, and attorney's fees that it is entitled to receive under federal and/or state law; and

14. That this Honorable Court enter an Order granting such other and further relief as justice requires.

Respectfully submitted,

   */s/ William Q. Gurley*
**CHARLES V. GIORDANO (#22392)**
**MICHAEL D. CANGELOSI (#30427)**
**WILLIAM Q. GURLEY, III (#36487)**
HEBBLER & GIORDANO, L.L.C.
3501 North Causeway Blvd., Suite 400
Metairie, Louisiana 70002
Telephone: (504) 833-8007
Facsimile: (504) 833-2866
Email: giordano@hebblergiordano.com
        cangelosi@hebblergiordano..com
        gurley@hebblergiordano.com
*Attorneys for Plaintiff, Admiral Insurance Company*

***CERTIFICATE OF SERVICE ON NEXT PAGE***

13

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of April, 2026, the foregoing Complaint for Declaratory Judgment was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent by U.S. Certified Mail with request for Waiver of Service of Summons to the following:

**Patel Construction, L.L.C.**
18419 Santa Maria Drive
Baton Rouge, Louisiana 70809

**609 Jackson, L.L.C.**
3525 N. Causeway Boulevard, Suite 1040
Metairie, Louisiana 70002

**Scottsdale Insurance Company**
One West Nationwide Boulevard
Columbus, Ohio 43215

**Linda Paige**
310 Abbey Court, Apt. I2
Biloxi, Mississippi 39531

**Kippy Paige, Sr.**
310 Abbey Court, Apt. I2
Biloxi, Mississippi 39531

  */s/ William Q. Gurley*
**WILLIAM Q. GURLEY, III**

14